### MANDEL et al. v. STEINHARDT et al.

(Supreme Court, Appellate Term, First Department.  November 13, 1913.)

SALES (§ 418*)—REFUSAL TO DELIVER—MEASURE OF DAMAGES.

The measure of damages for refusal to deliver an article of merchandise sold is the difference between the contract price and the market value of the article at the time and place where it should have been delivered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Max Mandel and Charles Leef, copartners doing business under the style of Mandel & Leef, against Joseph H. Steinhardt and Richard F. Kelly, Jr., copartners doing business as Steinhardt & Kelly. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Frank H. Reuman, of New York City, for appellants.
Charles Tolleris, of New York City, for respondents.

SEABURY, J. The plaintiffs sued to recover damages for a breach of contract, which breach consisted in the failure of defendants to deliver to plaintiffs a car of 600 boxes of apples. The only proof of damage which the plaintiffs offered was to the effect that they had purchased the apples from the defendants for $1 per box, "and had resold the apples" to other persons for $1.25 a box. This was not the correct rule of damage. It is elementary that the rule of damages, where a vendor refuses to deliver an article of merchandise which he has agreed to sell, is the difference between the contract price and the market value of the article at the time and place where it should have been delivered.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.